**Richard L. MILLER, Plaintiff,**

v.

**U.S. INTERNATIONAL DEVELOPMENT COOPERATION AGENCY, et al., Defendants.**

**Civ. A. No. 91–2754.**

United States District Court, District of Columbia.

March 31, 1993.

George M. Chuzi, Kalijarvi & Chuzi, Washington, DC, for plaintiff.

Richard N. Reback, Asst. U.S. Atty., Washington, DC (Rosalind Avnet Lazarus, U.S. Dept. of Transp., Jonathan Silverstone, Agency for Intern. Development, of counsel), for defendants.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiff was a Schedule C employee in the Department of Transportation for five years. In January 1988 he applied for and was accepted for a position in Saudi Arabia with JECOR, a joint Saudi–US Commission administered by the Department of the Treasury. In December 1988 plaintiff received a reduction in force (RIF) notice advising him that he was being terminated because the Saudi government had eliminated funding for JECOR from its budget. Plaintiff asked for but was denied reemployment at Transportation. The Merit Systems Protection Board failed to grant him relief,[1] and this action followed. Pending before the Court are defendants' motion to dismiss as well as cross-motions for summary judgment.

### I

The government invokes first its usual litany of jurisdictional defenses, including sovereign immunity, lack of standing, and every other means that could be conjured up to the usual end: to have the case decided on anything but the merits.[2] However, it is clear

---

1. The administrative law judge decided against plaintiff on the merits; the Board held that it lacked jurisdiction.

2. With respect to a number of these jurisdictional defenses, the government assumes, contrary to the applicable rules of law, that plaintiff's case lacks substance.

that the Court has jurisdiction, and that plaintiff can bring this suit.

■■■ The Foreign Assistance Act, 22 U.S.C. § 2385(d), one of the statutes upon which plaintiff relies, provides that one in his situation "shall be entitled" to reemployment upon the termination of his prior appointment. This language imposes a ministerial duty upon one or more of the defendants which is enforceable by mandamus. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act. *See NAACP v. Secretary of HUD,* 817 F.2d 149, 157–60 (1st Cir.1987); *Iowa ex rel. Miller v. Block,* 771 F.2d 347, 349 (8th Cir.1985). Indeed, in *Califano v. Sanders,* 430 U.S. 99, 104–06, 97 S.Ct. 980, 983–85, 51 L.Ed.2d 192 (1977), a case relied on by defendants, the Supreme Court said that Congress intended by section 1331 to confer jurisdiction on the federal courts to review agency action even where the APA does not of its own force provide for such jurisdiction.[3]

## II

■■■ Section 625(d) of the Foreign Assistance Act, 22 U.S.C. § 2385(d), provides that individuals appointed under the Act "shall be entitled ... to the same benefits as are provided by section 310 of [the Foreign Service Act] [22 U.S.C. § 3950] for individuals appointed to the Foreign Service." Section 310, in turn, specifies that any employee "who accepts a limited appointment in the Service with the consent of the head of the agency in which the employee is employed *shall be entitled, upon the termination of such limited appointment, to be reemployed in accordance with 5 U.S.C. § 3597.*" Relying upon the underlined provision of section 310, plaintiff asserts that he is entitled to be reemployed by the Department of Transportation.

The difficulty with that argument is that section 310 also provides that reemployment rights are contingent upon consent for the limited employment by the head of the agency in which the employee is employed, and that plaintiff, concededly, did not receive such consent.[4] Plaintiff seeks to counter the consent requirement with a number of arguments, only three of which require discussion. First, plaintiff contends that, since section 625(d)—the operative statute—does not contain the consent requirement, it is improper to resort to section 310 or any other law to narrow the scope of section 625(d). That argument lacks merit, for section 625(d) refers explicitly to section 310 and the latter must therefore be deemed incorporated in the former.

Second, plaintiff contends that section 625(d) equates those appointed under the Foreign Assistance Act with individuals in the Foreign Service only with respect to benefits but that the consent provision does not constitute a benefit. The Court also rejects that construction. As the ALJ reasoned in this case, the law provides the same benefit, *i.e.,* reemployment rights under certain conditions to both types of employees. Indeed, it is apparent that Congress directed that the Foreign Assistance Act was intended to permit certain of its employees the right to reemployment under identical circumstances as if they were Foreign Service Act employees.

■■■ Third, plaintiff relies on language in section 625(d) which directs that the benefits of section 310 shall be available as discussed above, "except to the extent that the President may specify otherwise in cases in which the period of employment or assignment exceeds thirty months" and on Executive Order 12163 in which the President stated that, unless the agency consents, employees shall not be entitled to reemployment rights "in cases in which their service under the appointment exceeds thirty months." Plaintiff asserts that, since his appointment was for less than thirty months, agency consent is not a prerequisite to reemployment rights.

---

**3.** Defendants' further argument that plaintiff lacks standing is frivolous. If plaintiff can prove that his complaint has substantive merit, he obviously has sustained an actual injury redressable by a court.

**4.** 5 U.S.C. § 3597 similarly provides that reemployment rights are to be contingent upon the consent of the employing agency to a limited appointment in the Foreign Service.

The Executive Order does not save plaintiff's case. The statute refers to the President's authority explicitly to cases in which the period of employment exceeds thirty months, and the President referred to such periods in his Executive Order. In the view of the Court, no inference can be drawn from these facts that agency consent is not necessary with respect to plaintiff and others whose service extends to less than thirty months. Moreover, it would make little sense to interpret the statutes and the Executive Order to provide for reemployment rights contingent upon agency consent for some short-term employees but no others. Nothing in the legislative history supports such an interpretation.

### III

For the reasons stated, the Court is denying plaintiff's motion for summary judgment, and defendants' motion for summary judgment will be granted.